UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEZETH GALVAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:23-cv-00025 |
| WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes LEZETH GALVAN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.   q

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Fort Worth, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "specializes in the acquisition and servicing of prime, sub-prime, and non-prime automotive retail installment contracts"[1] for consumers across the country, including those in the state of Texas. Defendant is a limited liability company organized under the laws of the state of California with its principal place of business located at 4751 Wilshire Blvd., Suite 100, Los Angeles, California 90010.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Prior to the conduct giving rise to these claims, Plaintiff obtained an automobile loan ("subject debt") from Defendant to finance the purchase of her personal vehicle, a 2011 Lexus ("subject vehicle").

10. Due to financial hardships outside of Plaintiff's control, Plaintiff fell behind on the subject debt.

---

[1] https://ao.linkedin.com/company/westlake-financial?trk=public_profile_experience-item_profile-section-card_subtitle-click

2

11. After defaulting on the subject debt, Plaintiff's vehicle was repossessed with a small balance left on her loan.

12. Shortly thereafter, Plaintiff began receiving collection calls to her cellular phone, (682) XXX-1361, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -1361. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has primarily used the phone numbers (213) 835-1222 and (682) 593-4346 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

15. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activity.

16. Upon answering a call from Defendant, Plaintiff learned that Defendant was attempting to collect upon the subject debt.

17. Due to her inability to address the subject debt, which she explained to Defendant, as well as the harassing nature of Defendant's collection campaign, Plaintiff demanded that Defendant cease calling her cellular phone.

18. Rather than adhere to Plaintiff's demand, Defendant continued to place repeated calls to Plaintiff's cellular phone.

19. Defendant has frequently placed upwards of three phone calls per day to Plaintiff's cellular phone, notwithstanding her demand that it stop contacting her and being notified that Plaintiff cannot afford to make a payment on the subject debt.

20. For example, on August 17, 2022, August 23, 2022, and August 31, 2022, Defendant placed not less than three (3) calls to Plaintiff's cellular phone without her permission.

21. Furthermore, many of Defendant's collection calls result in Defendant leaving pre-recorded voicemail messages on her cellular phone.

22. Plaintiff has received not less than 100 phone calls from Defendant since demanding that it stop contacting her.

23. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls and the use of automatic dialing systems, emotional distress, and numerous violations of her state and federal-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded messages without their consent.

28. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

29. Defendant violated the TCPA through the placement of repeated and numerous pre-recorded voicemail messages to Plaintiff's cellular phone absent her consent. Any consent that

Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that Defendant cease contacting her. As such, Defendant's utilization of pre-recorded messages when contacting Plaintiff's cellular phone is in violation of the TCPA.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LEZETH GALVAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1).

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

34. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal,

family, or household purposes.

      a.  **Violations of TDCA § 392.302**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone multiple times after she notified it to stop calling her, including the placing a numerous phone calls per day on consecutive days. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

37. Upon being told to stop calling, Defendants had ample reason to be aware that it should not continue its harassing calling campaign. However, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that their conduct was unwelcome.

      b.  **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that they had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding

that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, LEZETH GALVAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

40. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

41. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

42. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone violated Plaintiff's right to privacy.

43. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

44. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point

where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

45. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought her cellular phone.

46. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

47. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA and common law, and caused Plaintiff to suffer concrete and particularized harm.

48. Defendant's relentless collection efforts and tactic of repeatedly auto-dialing Plaintiff's cellular phone after she requested that these calls cease is highly offensive and outrageous to a reasonable person, particularly during the tough economic times the country is facing given the current COVID-19 pandemic.

49. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, LEZETH GALVAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

 f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT IV-TRESPASS TO CHATTELS

50. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

51. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

52. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

53. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

54. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

55. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

56. Defendant barraged Plaintiff with numerous phone calls after she made demands that the calls stop, including multiple phone calls on the same day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

57. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her.

58. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, the loss of battery life, and the significant loss of storage space.

59. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, LEZETH GALVAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in favor of Plaintiff and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff; and

e. Awarding Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated: January 9, 2023                Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 568-3056
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com